# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERIC BETTS,

        Petitioner,        Case Number: 08-10631

v.        DENISE PAGE HOOD
        UNITED STATES DISTRICT COURT

BARRY DAVIS,

        VIRGINIA M. MORGAN
        Respondent.        UNITED STATES MAGISTRATE JUDGE

_____ /

## REPORT AND RECOMMENDATION

### I. Introduction

This 28 U.S.C. § 2254 case comes before the court on Petitioner's Application for Writ of Habeas Corpus. (Doc. No. 1). For the reasons stated below, the court recommends that petitioner's application for a writ of habeas corpus be **DENIED**.

### II. Background

The facts underlying petitioner's conviction are not disputed in his habeas petition. Petitioner hit his sister's boyfriend in the face with an object, allegedly a handgun, causing the victim to lose his sight in his left eye. The victim's left eye eventually was surgically removed.

On July 2, 2004, petitioner was convicted by a jury of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84, and mayhem, Mich. Comp. Laws § 750.397. (7/2/04 Trial Tr. 3-5). The jury acquitted petitioner of assault with a dangerous weapon, Mich. Comp. Laws § 750.82 (1), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and felony firearm, Mich. Comp. Laws § 750.227b.

1

On July 16, 2004, petitioner was sentenced as a fourth habitual offender to concurrent terms of eight to twenty years imprisonment for his two convictions. At the sentencing hearing, the trial court heard argument on petitioner's claim that his two convictions violated the double jeopardy protections. (7/24/04 Sent. Hrg. 6-10). Petitioner argued that he was convicted twice of the same offense because "we have virtually the same elements here." (7/24/04 Sent. Hrg. 7). The trial court ruled that petitioner could be convicted of the two different crimes, without a double jeopardy violation. (7/24/04 Sent. Hrg. 10).

Petitioner was also ordered to pay restitution. (7/24/04 Sent. Hrg. 26). The trial court did not determine the amount of restitution at the sentencing hearing. Subsequently, on July 30, 2004, the trial court held a hearing to set the restitution amount. (7/30/04 Rest. Hrg. 2). Petitioner's attorney waived petitioner's presence at the hearing, and petitioner and the government stipulated that restitution be set at $35,048.70. (7/30/04 Rest. Hrg. 2).

On March 11, 2005, petitioner filed a motion to remand for resentencing in the Michigan Court of Appeals. The Michigan Court of Appeals granted petitioner's motion for remand on April 22, 2005.

The trial court heard petitioner's motion for resentencing on May 20, 2005. Petitioner argued at the hearing that he was improperly scored points for Offense Variables 1, 2, 9, and 12. (5/20/05 Post Conviction Mot. Hrg. 3, 7-8). The trial court affirmed its scoring of fifteen points for Offense Variable 1, Mich. Comp. Laws § 777.31(1)(c), aggravated use of a weapon, and five points for Offense Variable 2, Mich. Comp. Laws § MCL 777.32(1)(d), lethal potential of weapon possessed or used. (5/20/05 Post Conviction Mot. Hrg. 8). At least three witnesses, including the victim, testified at trial that petitioner struck the victim in the eye with a handgun. (6/30/04 Trial

2

Tr. 44-49, 114-116, 134, 160-161, 187). The victim's eye surgeon testified that the victim's injury was consistent with the barrel of a gun being forced into the victim's eye socket. (7/1/04 Trial Tr. 10-11). Defendant testified that he struck the victim with an object he grabbed off the kitchen table, which was not a gun. (7/1/04 Trial Tr. 93).

Petitioner also argued that he was improperly scored ten points for Offense Variables 9, Mich. Comp. Laws § 777.39(1)(c), number of victims, and five points for Offense Variable 12, Mich. Comp. Laws § 777.42(1), contemporaneous felonious criminal acts [criminal acts that occur within 24 hours of the sentencing offense and will not result in a separate conviction]. The trial court agreed that petitioner was improperly scored for OVs 9 and 12, and recalculated petitioner's OV score. (5/20/05 Post Conviction Mot. Hrg. 7-9). The recalculated score did not change the applicable sentencing guidelines; therefore, the trial court denied petitioner's motion for resentencing. (5/20/05 Post Conviction Mot. Hrg. 10).

Petitioner appealed his convictions and sentences, as of right, to the Michigan Court of Appeals. On appeal, petitioner argued that his convictions for mayhem and assault with intent to do great bodily harm less than murder violated double jeopardy protections. Petitioner also challenged his sentence on the grounds the Offense Variables 1, 2, 9 and 12 were improperly scored. Petitioner filed an additional brief, in propria persona, raising the following issues: petitioner did not have proper notice of the habitual offender charge, a *Blakely* violation premised on the jury's failure to find that petitioner was a fourth habitual offender, improper amendment of the judgment of sentence to reflect petitioner's habitual offender status and the amount of restitution ordered by the trial court, failure to properly charge petitioner with mayhem and assault with intent to do great bodily harm, and ineffective assistance of counsel.

On March 2, 2006, the Michigan Court of Appeals issued an opinion rejecting petitioner's appeal and affirming petitioner's convictions and sentences. *People v. Betts*, No. 257257, 2006 WL 515450 (Mich. App. Mar. 2, 2006). The Michigan Court of Appeals concluded that petitioner's convictions for mayhem and assault with intent to do great bodily harm do not violate double jeopardy protections because the two statutes do not protect the same social norm. *Id.* at *2. "[M]ayhem is intended to punish the infliction of a disfiguring mutilation that is permanent, while assault with intent to do great bodily harm generally protects against the intent to cause a serious injury with[out] regard to whether an injury is actually inflicted." *Id.* at *2. The court also found that the two offenses do not have identical elements and, thus, convictions for both mayhem and assault with intent to do great bodily harm do not violate the double jeopardy clause. *Id.* at *2. Further, the Michigan Court of Appeals held that petitioner was not entitled to resentencing because the evidence adduced at trial supported the trial court's scoring of OVs 1 and 2, and petitioner's challenges to OVs 9 and 12 were moot because the trial court reduced the score for those offense variables when petitioner moved for resentencing. *Id.* at *2. The court rejected petitioner's claims that he was not on notice of the charges against him and of his habitual offender status. *Id.* at *3. Also, the Michigan Court of Appeals held that the trial court did not improperly amend the judgment of sentence and found that petitioner's trial attorney's performance was not deficient. *Id.* at *4.

Petitioner filed an application for leave to appeal to Michigan Supreme Court on April 24, 2006, in which he raised the same issues raised in his first appeal and raised an additional issue of ineffective assistance based on his trial attorney's alleged failure to request an evidentiary hearing to determine the restitution amount. The Michigan Supreme Court denied petitioner's application for leave to appeal on November 29, 2006. *People v. Betts*, 477 Mich. 939 (2006)(table).

On February 13, 2008, petitioner filed the instant petition for writ of habeas corpus.  (Doc. No. 1).  Petitioner raises six issues:

> I. Do Appellant's convictions and sentences for both mayhem and assault with intent to do great bodily harm constitute double jeopardy?
>
> II. Is the Appellant entitled to a resentencing because the incorrect scoring of Offense Variables 1, 2, 9, and 12 in the sentence information report used at Appellant's sentencing resulted in Appellant being sentenced based upon the incorrect recommendation and sentencing grid?
>
> III. Did the trial court error [sic] when it sentenced Defendant to twenty years maximum instead of the statuary [sic] ten (10) year maximum[?]  Defendant had not been found guilty of being a 4th degree habitual offender (MCR [sic] 769.12), nor had Defendant been given notice (MCL 769.13) he would be charged as an habitual MCL 769.12 (Ex. 10).
>
> IV. Did the court error [sic] when it held what appears to be a sentencing hearing in absentia on July 30, 2004[?]  (Ex1 Page D).  From this hearing the court issued an amended judgment of sentence.  This added to Defendant's sentence 4th degree habitual MCL 769.12 and $35,048.00 in restitution (Ex).
>
> V. Did the trial court error [sic] when it tried the Defendant on MCL 750.397 Mayhem and MCL 750.84 Assault with Intent to do Great Bodily Harm Less than Murder[?]  Defendant had never been legally charged with either.  Therefore the Court further errored [sic] when it sentence Defendant to prison as the jury found Defendant not guilty of the only three charges Defendant had been legally charged with (Ex1 Page 1).  Lack of subject matter jurisdiction.
>
> VI. Was Defendant denied effective assistance of counsel because defense counsel failed to object to Defendant being tried for crimes he was never charged with (MCL 750.397 & MCL 750.804) and being sentenced to prison for a crime he was never found guilty of (MCL 769.12) [?] (See issue I, II, III).
>
> Counsel also failed to object to the scoring of 15 points for OV-1 (MCL 777.31) and 5 points for OV-12 (MCL 777.320) as the jury specifically found Defendant not guilty of both of the charged firearm possession offenses.  Counsel further did not object to the scoring of OV-9 (MCL 777.39) and OV-12 (MCL 777.42) neither of which apply to Defendant.

On January 23, 2009, the Honorable Denise Page Hood referred this habeas petition to this court for all pretrial matters, including a report and recommendation.  (Doc. No. 11).

**III. Standard of Review**

Petitioner is not entitled to the writ of habeas corpus unless he can show that the state court's adjudication of his claims on the merits "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

**IV. Analysis**

   **A. Double Jeopardy**

Petitioner claims that his convictions for both mayhem and assault with intent to do great bodily harm violate double jeopardy protections because the two crimes constitute the "same offense." Respondent argues that petitioner's first habeas claim is meritless because the double jeopardy clause is not implicated, as mayhem requires proof of actual injury whereas assault with intent to do great bodily harm does not.

The Michigan Court of Appeals rejected petitioner's claim that his convictions violate double jeopardy, holding that the two offenses, mayhem and assault with intent to do great bodily harm, do

6

not have identical required elements. *Betts*, 2006 WL 515450 at *2. This conclusion is consistent with United States Supreme Court precedent. In *Blockburger v. United States*, 284 U.S. 299, 304 (1932), the United States Supreme Court held: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Therefore, under the *Blockburger* test if each offense contains a different element, no double jeopardy violation arises. *Brown v. Ohio*, 432 U.S. 161, 166 (1977).

In the instant case, the elements of mayhem and assault to do great bodily harm are not identical. The elements of mayhem are: 1) malicious intent to maim or disfigure; and 2) actual injury to another person by cutting out or maiming the tongue, putting out or destroying an eye, cutting or tearing off an ear, cutting or slitting or mutilating the nose or lip, or cutting off or disabling a limb, organ or member. Mich. Comp. Laws § 750.397. The elements of assault with intent to do great bodily harm are: "(1) an assault, i.e, 'an attempt or offer with force and violence to do corporal hurt to another' coupled with (2) a specific intent to do great bodily harm less than murder." *People v. Bailey*, 451 Mich. 657, 668-669 (1996) (quoting *People v. Smith*, 217 Mich. 669, 673, (1922)).

As the Michigan Court of Appeals concluded, mayhem requires proof of actual injury and assault with intent to do great bodily harm less than murder requires proof that the perpetrator threatened the victim with injury. Petitioner's actions constituted violations of two separate and distinct criminal statutes. Thus, under the *Blockburger* test, petitioner's convictions do not implicate double jeopardy protections; mayhem and assault with intent to do great bodily harm each have an element that the other does not.

### B. Sentencing Scoring Issues

Petitioner asserts that the trial court incorrectly applied the Michigan Sentencing Guidelines by improperly scoring Offense Variables (OV) 1, 2, 9, and 12, and argues that he is entitled to resentencing. Respondent responds that petitioner's claim concerns the correct application of state sentencing guidelines, which is an issue that is not reviewable by a federal habeas court.

The Supreme Court has held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner's argument is premised on an allegedly incorrect interpretation and application of the Michigan Sentencing Guidelines, which are state laws. Accordingly, this court cannot review petitioner's second habeas claim.

### C. Notice of Habitual Offender Status

Petitioner next argues that the trial court erred in sentencing him as a fourth habitual offender because he did not have proper notice of the habitual offender charge. Respondent argues that petitioner's claim is procedurally defaulted because the Michigan Court of Appeals rejected petitioner's claim on appeal on the grounds that petitioner did not raise the issue before the trial court.

"In general, a federal court may not consider a claim for habeas corpus relief if the claim was procedurally defaulted in state court- i.e., if the last state court to render a judgment in the case rejected the claim because it was not presented in accordance with the state's procedural rules." *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 387 (6th Cir. 2004). "A procedurally defaulted claim may be considered in federal habeas corpus proceedings only if the petitioner either shows 'cause'

for his failure to comply with the state's procedural rules and 'prejudice' resulting from the alleged violation of federal law or shows that the federal court's refusal to consider the claim will result in a 'fundamental miscarriage of justice.'" *Id*.

Petitioner's claim that he did not receive notice of the habitual offender charge is procedurally defaulted. The Michigan Court of Appeals rejected petitioner's claim because petitioner did not raise it before the trial court. Moreover, petitioner has not shown cause and prejudice for his failure to comply with Michigan's procedural rules or that a failure to consider petitioner's claim would result in a miscarriage of justice. Petitioner's allegation that trial counsel was ineffective for failing to object to Petitioner being sentenced as a fourth habitual offender is not sufficient to show cause and prejudice or a miscarriage of justice because the record reflects that petitioner had actual notice of the habitual offender charge. The felony warrant, felony complaint, and the felony information all list a habitual offender, fourth offense charge against petitioner. (Doc. No. 11, People's Br. in Opp. to Def.'s App. for Lv., Appendices 1, 2, 4). Petitioner had actual notice of the habitual offender charge; his claim otherwise is without merit.

### D.  Alleged Sentencing In Absentia

Petitioner fourth habeas claim is that he was sentenced "in absentia" when the trial court amended the judgment of sentence to include a restitution award, following a hearing at which petitioner was not present. Respondent responds that, to the extent that petitioner alleges a violation of due process, his claim is meritless because petitioner was present at his sentencing, at which the trial court ordered restitution as a parole condition, and petitioner's trial counsel waived petitioner's presence at the evidentiary hearing during which the trial court determined the amount of restitution.

Petitioner has not shown that his federal due process rights were violated. It is undisputed

that Petitioner was present at his sentencing when the trial court ordered him to pay restitution as a condition of his parole. Petitioner did not object to the imposition of the restitution award. In addition, at the evidentiary hearing, trial counsel explicitly waived petitioner's presence. Trial counsel also stipulated to the restitution amount, which the government substantiated with the victim's medical bills. Petitioner was given notice of, and the opportunity to be heard at, the evidentiary hearing. Thus, petitioner is not entitled to habeas relief on this claim.

### E.  Notice of Pending Charges

Petitioner claims that the trial court lacked subject matter jurisdiction to try him on mayhem and assault with the intent to do great bodily harm less than murder because he was not charged with those two crimes. Respondent contends that the record does not support petitioner's claim.

Petitioner was properly charged with mayhem and assault with the intent to do great bodily harm less than murder. As the Michigan Court of Appeals found, the warrant, complaint and information contained the charges of both mayhem and assault with the intent to do great bodily harm less than murder. Petitioner, therefore, was on notice of the charges against him, and no constitutional violation occurred.

### F.  Ineffective Assistance of Counsel

Petitioner argues that trial counsel tendered ineffective assistance of counsel by failing to object to petitioner being tried for crimes he was not charged with and failing to object to the scoring of Offense Variables 1, 2, 9 and 12. Respondent argues that petitioner's first claim of ineffective assistance is baseless because petitioner was charged with both mayhem and assault with the intent

10

to do great bodily harm. Respondent also argues that petitioner has not demonstrated that he suffered prejudice when trial counsel failed to object to the sentencing scoring.

Petitioner's first claim of ineffective assistance is meritless. As discussed above, petitioner was properly charged with mayhem and assault with intent to commit great bodily harm. The warrant, complaint, and information all contained the charges of mayhem and assault with intent to commit great bodily harm. Petitioner, therefore, cannot show that his attorney was ineffective for failing to lodge a meritless objection.

Also, petitioner cannot prevail on his second claim of ineffective assistance based on the scoring of OVs 1, 2, 9, and 12. In order to prevail on an ineffective assistance claim, "[a] petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The Supreme Court assesses performance using an "objective standard of reasonableness" and "prevailing professional norms." *Strickland*, 466 U.S. at 688. Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

With respect to OVs 1 and 2, petitioner cannot show that counsel's performance was deficient. In affirming petitioner's sentence, the Michigan Court of Appeals concluded that the trial court properly scored OVs 1 and 2 under Michigan law. *Betts*, 2006 WL 515450 at *2. Trial counsel, therefore, did not render a deficient performance by failing to raise a meritless objection.

With respect to OVs 9 and 12, petitioner cannot show that he suffered prejudice as a result of trial counsel's failure to object. At a post-conviction hearing, the trial court corrected the scoring of OVs 9 and 12, scoring both offense variables at zero. Even so, the scoring errors did not affect

11

petitioner's guidelines sentence range. Thus, even though trial counsel did not object to the trial court's incorrect scoring of these two OVs, petitioner's sentence did not change once the OVs were properly scored. Accordingly, petitioner cannot show that he was prejudiced by counsel's failure to object.

In sum, Petitioner is not entitled to habeas relief on his ineffective assistance claims.

## V. Conclusion

For the reasons stated above, the court recommends that petitioner's application for a writ of habeas corpus be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: September 21, 2009

## PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and Eric Betts via the Court's ECF System and/or U. S. Mail on September 21, 2009.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan