# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ERIC BETTS,**

        **Petitioner,**                                 Case No. 08-10631

**v.**                                                         **HONORABLE DENISE PAGE HOOD**

**BARRY DAVIS,**

        **Respondent.**
_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION, DENYING CERTIFICATE OF APPEALABILITY AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation, dated September 21, 2009. No objections have been filed to Magistrate Judge Morgan's Report and Recommendation.[1]

The Magistrate Judge recommended that Petitioner's Petition for a Writ of Habeas Corpus be denied. The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons. Petitioner's Petition for a Writ of Habeas Corpus is denied.

Before Petitioner may appeal the Court's dispositive decision denying his petition for a writ

---

[1] The Court notes that a copy of the Magistrate Judge's Report and Recommendation was sent to Petitioner's last known address, but has since been returned as undeliverable. *See* Dkt. No. 13. It is Petitioner's responsibility to inform the Court of changes to his contact information.

1

of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3)(B); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F. 3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a prisoner's petition is denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In his first claim, Petitioner argued that his convictions for mayhem and assault with intent to do great bodily harm violate the Double Jeopardy Clause. The Court concludes that reasonable jurists would not debate the Court's assessment of Petitioner's double jeopardy claim. The crimes of mayhem and assault with intent to do great bodily harm each require proof of an additional element that the other does not, therefore there can be no double jeopardy violation. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). Petitioner is not entitled to a certificate of appealability on this claim.

Petitioner's second claim asserted that the trial court incorrectly applied the Michigan Sentencing Guidelines. This Court found that Petitioner was not entitled to relief on this claim

because questions of state law are not cognizable on federal habeas review. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The Court concludes that jurists of reason would not find this Court's conclusion debatable or wrong. Petitioner is not entitled to a certificate of appealability on this claim.

Petitioner next argued that the trial court erred in sentencing him as a fourth habitual offender because he was not given proper notice of the habitual offender charge. This Court found that this claim was procedurally defaulted because Petitioner failed to raise it in the trial court, and that Petitioner failed to demonstrate cause for the default and prejudice resulting therefrom. *See Hargrave-Thomas v. Yukins*, 374 F. 3d 383, 387 (6th Cir. 2004). The Court also found that this claim lacked merit because the felony warrant, felony complaint, and the felony information all list a habitual offender, fourth degree charge against Petitioner. Therefore, jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, and would also not find it debatable whether this Court was correct in its procedural ruling. Petitioner is not entitled to a certificate of appealability on this claim.

Petitioner's fourth claim for habeas corpus relief argued that he was sentenced "in absentia" when the trial court amended the judgment of sentence to include a restitution award, following an evidentiary hearing conducted in Petitioner's absence. This Court concluded that Petitioner failed to demonstrate his due process rights were violated because Petitioner was in fact present at his sentencing where the trial court ordered restitution as a condition of parole, and Petitioner's counsel waived Petitioner's appearance at the subsequent evidentiary hearing where the actual amount of restitution was determined. *See Matthews v. Eldridge*, 424 U.S. 319 (1976). The Court concludes that jurists of reason would not find this Court's conclusion that Petitioner is not entitled to relief

3

on his "in absentia" sentencing claim debatable or wrong. No certificate of appealability shall issue as to this claim.

Petitioner's fifth claim alleged that the trial court lacked jurisdiction over him because he was not charged with mayhem and assault with intent to do great bodily harm. The Court found that the record refuted Petitioner's argument because the warrant, complaint, and information contained both charges. The Court concludes that jurists of reason would not this Court's assessment of Petitioner's claim.

Petitioner argued that his trial counsel was ineffective. This Court concluded that Petitioner could not establish deficient performance in regard to his allegations that counsel failed to object to Petitioner being tried for crimes for which he was not charged as the record demonstrates that Petitioner was in fact charged with both mayhem and assault with intent to do great bodily harm. *See Strickland v. Washington*, 466 U.S. 668 (1984). The Court also concluded that Petitioner could not establish deficient performance for his counsel's failure to object to the scoring of offense variables 1, and 2 because on direct appeal, the Michigan Court of Appeals concluded that the trial court had not erred in scoring offense variable 1 and 2. The Court found that Petitioner could not establish prejudice for his attorney's failure to object to the scoring of offense variables 9 and 12 because the trial court corrected the scoring as to these offense variables at a post-conviction hearing, and the result did not change Petitioner's guidelines range. This Court concludes that jurists of reason would not find this Court's conclusion that Petitioner is not entitled to relief on his ineffective assistance of counsel claim wrong. Petitioner is not entitled to a certificate of appealability on this claim.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge Virginia M. Morgan, dated September 21, 2009 is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Petitioner's Petition for Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue.

IT IS FURTHER ORDERED that Petitioner may proceed *in forma pauperis* on appeal.

IT IS SO ORDERED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 7, 2010

I hereby certify that a copy of the foregoing document was served upon Eric Betts, Reg. No. 229420, Newberry Correctional Facility, 3001 Newberry Ave., Newberry, MI 49868 and counsel of record on April 7, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager